# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0647-24

H.T.H.,[1]

    Plaintiff-Respondent,

v.

B.B.W.,

    Defendant-Appellant.

_____

    Submitted February 23, 2026 – Decided March 9, 2026

    Before Judges Natali and Walcott-Henderson.

    On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-4134-23.

    Harriet E. Raghnal, attorney for appellant.

    Lucas E. Phillips, Jr., attorney for respondent.

PER CURIAM

---

[1] We use initials to preserve the confidentiality of these proceedings. R. 1:38-3(d)(10).

Defendant B.B.W. appeals from a September 25, 2025 final restraining order (FRO) entered under the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35 based on an allegation that defendant assaulted her on June 11, 2023. At the conclusion of a final hearing at which both parties testified, Judge Amy K. Manigan rendered detailed findings of fact and entered a FRO in plaintiff's favor. He also challenges a January 15, 2025 order awarding plaintiff $19,312.50 in attorney's fees and costs incurred in connection with prosecuting the domestic violence matter.

We affirm the court's September 25th order because the court's findings that defendant committed assault and that plaintiff needed a final restraining order to prevent further abuse are supported by substantial, credible evidence in the record. In addition, we discern no abuse of discretion with respect to the court's fee award. The court considered the appropriate evidence and factors in awarding fees and costs under the Act. We accordingly affirm the January 15th order as well.

A-0647-24

On appeal, defendant raises the following arguments[2]:

POINT I

THE TRIAL COURT FAILED TO CONSIDER THE LACK OF CREDI[B]LE EVIDENCE TO SUPPORT THE PREDICATE ACT AND THE PRIOR ACTS OF DOMESTIC VIOLENCE ALLEGED.

POINT II

THE TRIAL COURT ERRED WHEN IT SHIFTED THE BURDEN OF PROOF FROM THE PLAINTIFF TO THE DEFENDANT.

POINT III

THE COURT FAILED TO CONSIDER THAT THE PARTIES WERE IN A DIVORCE ACTION WHICH WOULD BE A MOTIVATING FACTOR FOR THE PLAINTIFF TO SEEK THE RESTRAINTS.

We find insufficient merit in defendant's contentions to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following comments to amplify and explain our decision.

Our review of a trial judge's fact-finding is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). A judge's factual findings are "binding on appeal when

---

[2] We have reconstituted defendant's point headings to remove his recitation of the applicable standard of review.

A-0647-24

supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

Deference is particularly warranted where, as here, "the evidence is largely testimonial and involves questions of credibility." Id. at 412 (quoting In re Return of Weapons of J.W.D., 149 N.J. 108, 117 (1997)). Such findings become binding on appeal because it is the trial judge who "sees and observes the witnesses," thereby possessing "a better perspective than a reviewing court in evaluating the veracity of witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)). Therefore, we will not disturb a trial judge's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice[.]" Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). We review de novo, however, "the trial judge's legal conclusions, and the application of those conclusions to the facts." Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Viewed through the prism of the two-part test detailed in Silver v. Silver, 387 N.J. Super. 112, 125-26 (App. Div. 2006), Judge Manigan found plaintiff's

A-0647-24

testimony credible after observing she maintained "appropriate eye contact with the [c]ourt," had "no ill motive," "nothing to gain," did not "embellish her testimony," was "candid" with the court, "withstood a very long and intense . . . cross-examination with various attempts to impeach her credibility," and her "demeanor was consistent with re-telling the events in question." On the other hand, Judge Manigan found that defendant's testimony was "not believable, inconsistent, or unclear."

As to the June 11th assault specifically, Judge Manigan found defendant assaulted plaintiff on that day when he "punched . . . her face, pulled her by her clothes onto the dining room table, held her on the dining room table, and choked her." Judge Manigan also determined that prior acts of domestic violence transpired between the parties "where defendant broke her phone by throwing it against the wall," "ignored [plaintiff's] calls and took her kids away," and "choked her [and] [s]he hit him with [a] mug to get him off her."[3] Judge Manigan's determinations were squarely based upon plaintiff's credible testimony concerning the predicate act, and her equally reliable testimony

---

[3] We note with respect to this incident plaintiff was arrested but the charges dropped, as best we can discern, upon defendant's request and his representations that plaintiff was a loving wife, mother, and not a threat to him.

A-0647-24

concerning defendant's past history of domestic violence. We find no principled reason for second-guessing these determinations.

After careful examination of the record, we are also satisfied that this same evidence more than amply demonstrated the judge's determination that plaintiff needed an FRO to protect her from further acts of domestic violence. Silver, 387 N.J. Super. at 126-27. On this point, the court determined the parties had a past history of domestic violence pursuant to N.J.S.A. 2C:25-29(a)(1). The court further concluded that immediate danger to person or property existed pursuant to N.J.S.A. 2C:25-29(a)(2) because "if the parties were under the same roof, there would be that danger . . . [and defendant] has a short fuse and goes from arguments to physical violence very quickly."

The court also found the financial circumstances of plaintiff and defendant were of issue pursuant to N.J.S.A. 2C:25-29(a)(3) because defendant "controlled the money during the marriage . . . [and] certainly did [c]ome into play with . . . the controlling aspect of th[e] relationship." In addition, the court concluded under N.J.S.A. 2C:25-29(a)(4), requiring consideration of the best interests of the victim and any child, that "plaintiff does have fear," "has not been able to be the mother she wants to be," "[defendant] controls [when she] takes [the kids] to doctors," and the granting of a FRO is in "her best interest." Finally, the court

6

found under N.J.S.A. 2C:25-29(a)(7), any pattern of coercive control, that the "[t]estimony showed . . . she had to ask for money for school [and could not take] . . . money from the account without his 'permission.'"

We reject defendant's contentions that: (1) the record was insufficient to establish the predicate act of assault or the prior acts of domestic violence and plaintiff failed to satisfy her burden of proof to support her claims of abuse; (2) the court erred when it shifted the burden of proof from the plaintiff to the defendant; and (3) the court failed to consider that the parties were in a divorce action, which was the motivating factor for plaintiff to seek restraints.

As to the first argument, Judge Manigan's findings are fully supported by the record, and she made appropriate and specific findings under the Act. We also reject defendant's contention that the judge improperly shifted the burden of proof onto him when she stated "[t]his case begins and ends with who to believe." Contrary to defendant's argument, Judge Manigan did not shift the burden of proof but rather merely noted her role as a fact finder who is required to "determine the credibility of the witnesses." In addition, we find no merit to defendant's claim that the court failed to consider the parties' pending divorce action as a potentially improper motive for plaintiff's complaint. Judge Manigan was fully apprised of the pending matrimonial case and, as previously noted,

A-0647-24

made findings that plaintiff possessed "no ill motive," but rather testified credibly regarding defendant's assault and the clear need for a FRO.

In light of our decision affirming the court's grant of an FRO, we similarly affirm the judge's fee award. We first note that defendant has provided no substantive challenge to the fee award and thus consider any challenge waived. See Telebright Corp. v. Dir. N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("[A]n issue not briefed is deemed waived").

In any event, there is no substantive basis to challenge the fee award. Victims of domestic violence are entitled to reasonable attorney's fees as compensatory damages when the fees are the direct result of the act of domestic violence. N.J.S.A. 2C:25-29(b)(4). "An award of counsel fees in a domestic violence proceeding requires no special showing, as an award of counsel fees is a form of 'monetary compensation'" under N.J.S.A. 2C:25-29(b)(4). N.G. v. J.P., 426 N.J. Super. 398, 422 (App. Div. 2012) (citing McGowan v. O'Rourke, 391 N.J. Super. 502, 507 (App. Div. 2007)). When issuing a fee award, the trial court must apply the factors set forth in Rule 4:42-9(b) and RPC 1.5(a). Ibid.

Rule 4:42-9(b) requires counsel for the party seeking the award to submit an affidavit of services addressing the factors enumerated in RPC 1.5(a).

Here, the court properly considered the factors set forth in RPC 1.5(a) and reviewed plaintiff's counsel's affidavit of services. Pursuant to these factors the court found: plaintiff's counsel's "time and preparation for trial [were] proper"; "[p]laintiff would have understood [counsel] could not be working for or meeting other current or potential clients during the time that he was working on this case"; "counsel's fee . . . [was] reasonable in comparison to those lawyers with comparable experience"; "counsel obtained a favorable result . . . [and] [i]f the [d]efendant had not committed the predicate act of assault, [p]laintiff would not have needed to file this domestic violence complaint"; the "case required immediate attention as domestic violence proceedings are summary in nature and are required to proceed expeditiously"; counsel had been "representing [p]laintiff since December of 2023, when he substituted [p]laintiff's former counsel"; counsel's "qualifications reflect someone with an above-average level of experience, reputation, and ability in the legal field directly applicable in this case"; and the "retainer agreement is a boiler plate document . . . [which] does not outline a contingency fee agreement."

A-0647-24

Finally, we note Judge Manigan thoroughly reviewed the affidavit of service and reduced the total hours billed from 64.5 to 51.5 resulting in a reduction of the $24,187.50 requested by plaintiff to the $19,312.50 awarded. We discern no abuse of the court's discretion in its decision to award fees or the amount.  N.G., 426 N.J. Super. at 422.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0647-24